Bradley A. Cosman (AZ 026223)
Benjamin C. Calleros (AZ 034763)
**PERKINS COIE LLP**
2901 North Central Avenue, Suite 2000
Phoenix, Arizona 85012-2788
Telephone: 602.351.8000
Facsimile: 602.648.7000
BCosman@perkinscoie.com
BCalleros@perkinscoie.com

*Counsel for Axos Bank*

UNITED STATES BANKRUPTCY COURT
DISTRICT OF ARIZONA

| In re: | Chapter 11 |
|---|---|
| PAUL OLIVA PARADIS, | Case No. 2:20-bk-06724-PS |
| Debtor. | **STATEMENT OF POSITION REGARDING GOVERNMENT'S NOTICE OF MOTION AND MOTION TO STAY PROCEEDINGS; MEMORANDUM OF POINTS AND AUTHORITIES** |

Though the *Motion to Stay Proceedings; Memorandum of Points and Authorities* ("**Motion**") [Doc 48] requests an incredibly broad stay of the entire administrative bankruptcy case, the true scope of requested relief is much narrower than that. At its core, the Motion seeks only to preclude the Debtor from revealing sensitive facts that would undermine the integrity of ongoing criminal investigations. Rather than "stay" the entire bankruptcy case, Axos Bank (a secured creditor with a lien on residential property that the Debtor is currently attempting to sell[1]) asks this Court to simply direct conclusion of the Debtor's § 341 hearing and require those creditors seeking to interrogate the Debtor to do so independently through a Rule 2004 exam. Through the Rule 2004 process, the US may object or intervene as it feels necessary to

---

[1] The property encumbered by Axos Bank's lien is located at 40365 Sand Dune Road, Rancho Mirage, California 92270 ("**Collateral Property**").

protect its interests without prejudicing the rights of other creditors.

Though styled as a request to *stay* the bankruptcy, the Motion is better understood as a request to *suspend* the bankruptcy under Bankruptcy Code § 305(a)(1). Section 305(a)(1) permits the Court to suspend the bankruptcy only if the interests of creditors and the Debtor are "better served" by suspension. Here, suspending the entire case will not better serve anyone. First, the Debtor has already retained a broker and listed the Collateral Property for sale. The Debtor projects there to be substantial equity in the Collateral Property, after payoff of Axos Bank, and intends to use any excess sale proceeds to fund his plan. Suspending the bankruptcy could jeopardize the sale and have a material negative impact on creditor recoveries. Second, Axos Bank would be better served by keeping the administrative case open and active as doing so preserves Axos Bank's ability to seek stay relief or adequate protection. Such remedies, and other protections afforded by the bankruptcy process, are particularly important to Axos Bank because the Debtor is not currently making any postpetition adequate protection payments to Axos Bank.[2] Critically, Axos Bank could seek, and this Court could grant, stay relief or direct payment of adequate protection without compromising the US's criminal investigation. Accordingly, staying or suspending the case would not "better serve" Axos Bank or other creditors. Further, the cases cited by the US do not support a stay of the administrative case: *Zinnel*[3] deals with a stay of a bankruptcy appeal, while *SK Foods* and *Marceca* deal with stays of adversary proceedings.[4]

Rather than stay or suspend the administrative case, the Court need only approve or

---

[2] Axos Bank is in the process of obtaining an appraisal of the residential property subject to its lien and reserves all rights.
[3] *In re Zinnel*, 2013 U.S. Dist. LEXIS 46114, 2013 WL 128439 (E.D. Cal. March 28, 2013).
[4] *In re SK Foods, L.P.*, 2010 U.S. Dist. LEXIS 136188 (E.D. Cal. Dec. 9, 2010);); *In re Marceca*, 131 B.R. 774, 778 (Bankr. S.D.N.Y. 1991).

direct conclusion of the Debtor's § 341 hearing. "If the [§ 341] meeting has been adjourned and not been reconvened, the court possesses the power to force the presiding person (trustee or United States trustee) to reconvene and conclude the meeting or simply declare the meeting concluded."[5] Notwithstanding, creditors seeking to further interrogate the Debtor may do so through a Rule 2004 exam, and the US may object or intervene in such process as necessary or appropriate to protect its rights.

For the reasons above, Axos Bank asks the Court not to stay or suspend the Debtor's administrative case, and to tailor the relief granted as the Court finds just and proper.

5 August 2020                           **PERKINS COIE LLP**

                                        By: /s/ *Bradley A. Cosman (026223)*
                                              Bradley A. Cosman
                                              Benjamin C. Calleros
                                              2901 N. Central Ave., Ste. 2000
                                              Phoenix, Arizona 85012-2788

                                        *Counsel for Axos Bank*


I certify that on 5 August 2020 the foregoing *Statement of Position Regarding Government's Notice of Motion and Motion to Stay Proceedings; Memorandum of Points and Authorities* was filed and served on all parties registered to receive notices via the Court's CM/ECF system.

/s/Kimberly McClure

149099423.1

---

[5] Collier on Bankr. ¶ 2003.05; *Cf. In re Peres*, 530 F.3d 375, 378 (5th Cir. 2008) (finding that "the circumstances in the present matter indicate that the Trustee acted reasonably and had legitimate reasons for adjourning the § 341(a) creditors' meeting for eleven months").