Alan A. Meda (#009213)
**BURCH & CRACCHIOLO, P.A.**
1850 N. Central Ave., Suite 1700
Phoenix, AZ 85004
Tel: 602.274.7611
ameda@bcattorneys.com

*Attorneys for Debtor*

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re | Chapter 7 |
| PAUL OLIVA PARADIS, | Case No.: 2:20-bk-06724-PS |
| Debtor. | **MOTION FOR STAY OF ADVERSARY PROCEEDING** |

Debtor Paul O. Paradis ("**Paradis**"), by and through counsel undersigned, hereby files a Motion to Stay the City of Los Angeles' (the "**City**") adversary proceeding, which is captioned, "*Complaint to Determine Dischargability of Debt Pursuant to 11 U.S.C. §§ 523(a)(2)(A), (a)(4) and (a)(6)*" [1] (the "**Motion to Stay**") pursuant to 11 U.S.C. § 105(a). The Motion to Stay is based upon the attached Memorandum of Points and Authorities, the files and records in the administrative bankruptcy case, and such further evidence as the Court may permit. Prior to filing this Motion to Stay, Paradis requested that the City agree to stipulate to a stay of the City's adversary proceeding. As of the date of this filing, the City has not consented to Paradis' request. Accordingly, Paradis is filing this Motion to Stay.

---

[1] On June 3, 2020, this Court ordered that any creditor wishing to object to the dischargability of Paradis' debt must do so on or before September 8, 2020. [Dkt. 2] The City requested an extension of this deadline multiple times, which Paradis did, in fact, grant. [*See, e.g.*, Docket Nos. 82] On June 24, 2021, the City filed its adversary proceeding (the "**Adversary Proceeding**") which is captioned, "*Complaint to Determine Dischargability of Debt Pursuant to 11 U.S.C. §§ 523(a)(2)(A), (a)(4) and (a)(6),*" in which the City objected to the dischargability of debt purportedly owed by Paradis to the City on the grounds of fraud.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

As explained in detail below, at the request of the United States Attorney's Office in the Central District of California (the "**Government**"), and in order to preserve the integrity of the Government's federal criminal investigation into certain matters involving the City, this Court has *twice* issued orders prohibiting discovery concerning "any contract entered into between [the City] and… Aventador Utility Solutions, LLC ("**Aventador**"), including how and why those contracts were formed."[2] [Dkt. Nos. 72 and 204] Despite these two Orders, on June 24, 2020, the City filed its Adversary Proceeding against Paradis, the *sole* focus of which is the Aventador Contract and, in particular, how the contract was formed. [Dkt. 393]

Given the fact that the prosecution of the Adversary Proceeding, itself, and Paradis' response thereto (including any motion to dismiss, motion for sanctions or answer) will require the revelation of information concerning the Aventador Contract and its formation – information which the Government and this Court have concluded will compromise the Government's pending federal criminal investigation, Paradis requests that the Court issue an order staying the City's Adversary Proceeding.

## II. STATEMENT OF FACTS AND ARGUMENT

On June 3, 2020, Paradis filed a voluntary bankruptcy petition pursuant to Chapter 11, Subchapter V. [Dkt. 1].[3] On July 7, 2020, Paradis participated in a Rule 341(a) Meeting of Creditors, during which Paradis declined to answer certain questions posed by the City, a purported creditor of Paradis. [Dkt. 48]

---

[2] On June 6, 2017, the City awarded Aventador, a consulting company then owned by Paradis, a contract for an amount not to exceed $30 million pursuant to which Aventador performed certain project management and cybersecurity services for the City (the "**Aventador Contract**").

[3] Paradis later voluntarily converted his Chapter 11 bankruptcy petition to a petition under Chapter 7. [Dkt. 322].

In recognition of the fact that Paradis' response to questions posed by the City would require that Paradis divulge certain information that would certainly compromise the Government's investigation, on July 30, 2020, the Government moved this Court for a stay of all proceedings "until the conclusion of [the Government's] federal criminal investigation" (the "**Government's Motion to Stay**"). [Dkt. 48 at 13]

In granting, in part, the Government's Motion to Stay, on August 17, 2020, this Court expressly prohibited the parties from engaging in discovery "relating to…any contracts between [the City], on one hand, and …[Aventador] on the other" (the "**August 17th Order**") [Dkt. 72 at 2]. The Court soundly reasoned that prohibiting discovery concerning the Aventador Contract was "in the interest of allowing the Government to maintain the integrity and confidentiality of its criminal investigation." *Id*. at 1.

On September 11, 2020, Paradis submitted his Plan of Reorganization (the "**Plan**"). [Dkt. 77]. Subsequently, multiple objections to the Plan (the "**Plan Objections**") were filed which implicated matters relevant to the Government's investigation, including the formation of the Aventador Contract. [Dkt. Nos. 119-124]. In recognition of this fact, on October 27, 2020, the Government filed a motion to continue confirmation hearings concerning the Plan (the "**Government's Motion to Continue**"). [Dkt. 129] In its Motion to Continue, the Government argued that Plan confirmation hearings would necessarily require that Paradis provide testimony in response to the Plan Objections that would "likely implicate sensitive information relating to the federal criminal investigation – the forced public revelation of which would be highly detrimental to the integrity thereof." [Dkt. 129 at 3] Specifically, the Government noted that Paradis' responses to the Plan Objections would require testimony concerning the Aventador Contract. *Id*.

With regard to the Aventador Contract, the Government stated in relevant part:

> ***the government submits that exploring this area as part of the preparation for and conduct of a confirmation hearing would violate the spirit of the Court's [August 17th Order], which specifically precludes discovery regarding "any contracts between LADWP and Paradis Law Group, PLLC, Ardent Cyber Solutions, LLC, and/or Aventador Utility Solutions, LLC."*** Accordingly, the government requests that the Court continue the

confirmation hearing until the government's criminal investigation into these matters has concluded.

*Id.*

On December 15, 2020, this Court granted, in part, the Government's Motion to Continue (the "**December 15th Order**"). [Dkt. 208]. In so doing, the Court ruled that, although Plan confirmation shall proceed, no party shall seek discovery, in support of, or in opposition to Plan confirmation, information concerning "…any contracts between [the City] and … [Aventador] (the 'Contracts'), including how and why those Contracts were formed…" [Dkt. 208 at 3]. Accordingly, on December 15th, this Court prohibited discovery regarding the Aventador Contract for a **second** time.

Despite the fact that both the Court's August 17th and December 15th Orders make clear that discovery of information regarding the Aventador Contract and how it was formed is strictly prohibited, on June 24, 2021, the City filed its Adversary Proceeding, the *sole* focus of which is the Aventador Contract and, in particular, how the Aventador Contract was formed. [Dkt. 393]

In the Adversary Proceeding, the City alleges that Paradis, on behalf of Aventador, purportedly fraudulently induced the City into awarding Aventador the Contract by informing the City about certain well-known facts that had long been in the public domain since as early as 2009. [Dkt. 393 at ¶¶ 17-21 (alleging that Paradis was the source of information concerning the City's lack of project management and IT resources and that Paradis informed the City of such information in order to obtain the Aventador Contract)]. The City further contends that, because the Aventador Contract was awarded to Aventador through purportedly fraudulent means, the City's claims against Paradis for debt arising out of the award of the Aventador Contract should be determined to be non-dischargeable. [*See, generally*, Dkt. 393]

Significantly, **almost one year ago**, the Government correctly predicted the filing of the City's Adversary Proceeding and, at that time, indicated its intention to seek a stay of the soon-to-be-filed Adversary Proceeding because revelation of information concerning the Aventador contract would result in a "substantial detriment" to the

Case 2:20-bk-06724-PS    Doc 411    Filed 09/01/21    Entered 09/01/21 14:14:24    Desc
Main Document    Page 4 of 6

Government's investigation. In advocating for the need to stay the Adversary Proceeding, the Government stated in relevant part:

> …the Government anticipates that [the City] may file an Adversary Proceeding against [Paradis]. ***The Government would seek to stay any such action, given the direct implication of the issues involved in the federal criminal investigation and the likelihood that the litigation of such an action would result in the exposure of sensitive non-public information to the substantial detriment of the [Government's] criminal investigation…***

[Dkt. 129 at fn. 2 (predicting the filing of the City's Adversary Proceeding and allegations contained therein concerning the Aventador Contract and its formation)].

As demonstrated above, ordering a stay of the Adversary Proceeding is necessary and appropriate[4] given the fact that: (i) the only allegations set forth in the Adversary Proceeding involve the Aventador contract and its formation; (ii) the continued prosecution of the Adversary Proceeding, itself, and Paradis' response thereto (including any motion to dismiss, motion for sanctions or answer) will require discovery concerning the Aventador Contract and its formation; (iii) the Government has twice recognized that discovery of information concerning the Aventador contract and its formation would jeopardize the Government's federal investigation; (iv) the Court has twice issued Orders prohibiting discovery of information concerning Aventador contract and its formation in order to "maintain the integrity and confidentiality of criminal investigation;" and (v) the Government has already indicated that, absent a stay of the Adversary Proceeding, the Government's investigation will suffer a "substantial detriment."[5]

---

[4] This Court is authorized to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a). Furthermore, the Supreme Court has emphasized that "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).

[5] Furthermore, given the fact that the City argues that the debt at issue in the Adversary Proceeding is non-dischargeable, and, therefore, outside the bounds of Paradis' bankruptcy estate and creditors, no creditor, other than the City, will be impacted should the Court stay the Adversary Proceeding.

## III. CONCLUSION

Based on the foregoing, Paradis respectfully requests that the Court stay the City's Adversary Proceeding in its entirety.

RESPECTFULLY SUBMITTED this 1st day of September 2021.

**BURCH & CRACCHIOLO, P.A.**

By /s/ Alan A. Meda (#009213)
Alan A. Meda
*Attorneys for Paul Oliva Paradis*

Served via ECF on CM/ECF users this 1st day of September 2021, which constitutes service pursuant to L.R. Bankr. P. 9076-1:

/s/ Tracy Dunham
Tracy Dunham