James E. Cross, Bar No. 009063
**CROSS LAW FIRM, P.L.C.**
7301 N. 16th St., Ste. 102
Phoenix, AZ 85020
PO Box 45469
Phoenix, AZ 85064
Telephone: (602) 412-4422
E-mail: jcross@crosslawaz.com
*Chapter 7 Trustee*

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF ARIZONA

| In re: | Chapter 7 |
|---|---|
| PAUL OLIVA PARADIS, | Case No. 2:20-bk-06724-PS |
| Debtor. | **CHAPTER 7 TRUSTEE'S OBJECTION TO CLAIM NO. 16 OF ANTWON JONES AND NOTICE OF RESPONSE DEADLINE** |

James E. Cross, the duly appointed Chapter 7 Trustee herein ("Trustee"), hereby moves this Court, pursuant to §502 of Title 11 of the United States Bankruptcy Code (the "Bankruptcy Code") and Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for an order disallowing Claim No. 16 filed by Antwon Jones ("Jones") due to the fact that it is a duplicate of Claim No. 15.

**I.    JURISDICTION**

1.    This Court has jurisdiction over this Objection pursuant to 28 U.S.C. §§1334 and 157. Venue is appropriate under 28 U.S.C. §§1408 and 1409. This matter is a core proceeding under 28 U.S.C. §157(b)(2)(B) and Bankruptcy Rule 3007. The statutory predicate for the relief requested herein are 11 U.S.C. §502 and Bankruptcy Rule 3007. This Objection is further supported by the entire record before this Court.

**II.    BACKGROUND**

2.    On June 3, 2020 (the "Petition Date"), Paul Paradis (the "Debtor") filed his voluntary petition for relief under Chapter 11, Subchapter V, of the Bankruptcy Code.

3. On June 4, 2020, James E. Cross was appointed as the Subchapter V trustee by the United States Trustee (Dkt. 11).

4. By order dated March 24, 2021, this case was converted to a proceeding under Chapter 7 of the Bankruptcy Code (Dkt. 330).

5. Upon conversion of this case to a Chapter 7 proceeding, James E. Cross assumed the role of Chapter 7 Trustee of the Debtor's bankruptcy estate (the "Estate").

6. The deadline for filing Proofs of Claim in this case was set for July 6, 2021.

7. The Trustee reviewed all of the Proofs of Claim timely filed in this case, consulted with various creditors and obtained supplemental documentation in support of their claims, and analyzed all filed claims for their validity.

**III. APPLICABLE AUTHORITY**

8. The schedule of liabilities filed pursuant to § 521(1) of the Code constitutes prima facie evidence of the validity and amount of the claims of creditors, unless they are scheduled as disputed, contingent, or unliquidated. FRBP 3003(b).

9. Under the Bankruptcy Code, any claim for which a proof of claim has been filed will be allowed unless a party in interest objects. If a party in interest objects to the proof of claim, the Court, after notice and hearing, shall determine the amount of the claim and shall allow the claim except to the extent that the claim is unenforceable against the debtor…under any… applicable law for a reason other than because such claim is contingent or unmatured." 11 U.S.C. § 502(b).

10. A properly filed proof of claim is presumed valid under Bankruptcy Rule 3001(f). However, once an objection to the proof of claim controverts the presumption, the creditor ultimately bears the burden of persuasion as to the validity and amount of the claim. *See Ashford v. Consolidated Pioneer Mortg. (In re Consolidated Pioneer Mortg.),* 178 B.R. 222,

-2-

226 (B.A.P. 9th Cir. 1995), aff'd, 91 F.3d 151 (9th Cir. 1996). The ultimate burden of proof as to the validity of a proof of claim "remains at all times upon the claimant." *Lundell v. Anchor Constr. Specialists, Inc. (In re Lundell)*, 223 F.3d 1035, 1039 (9th Cir. 2000).

## IV. RELIEF REQUESTED

By the Objection, the Trustee respectfully seeks entry of an order pursuant to Bankruptcy Code section 502(b) and Bankruptcy Rule 3007 disallowing and expunging Claim No. 16 filed by Jones because it is a duplicate of Claim No. 15, also filed by Jones. Both claims filed by Jones are for the same amount and for the same basis, and thus, one of the claims must be disallowed.

Accordingly, the Trustee hereby requests that the Court enter an order expunging and disallowing Claim No. 16 filed by Jones due to the fact that it is a duplicate of Claim No. 15.

## V. RESPONSES TO THE OBJECTION

Trustee requests that any response must be filed with the Bankruptcy Clerk on or prior to December 20, 2022. Those not required or not permitted to file electronically must deliver any response by U.S. mail, courier, overnight/express mail, or in person at United States Bankruptcy Court, 230 N. First Avenue, Phoenix, Arizona 85003, and send a copy to the Trustee.

The responding party must ensure delivery of the response to the Trustee. If a response is NOT timely filed, the requested relief may be granted without further notice. If a response is filed, a hearing will be set at a later date, and all parties will receive a notice of that hearing.

WHEREFORE, the Trustee respectfully requests that this Court disallow Claim No. 16 filed by Antwon Jones, and grant such other and further relief as this Court may deem just and proper.

/ / /

-3-

DATED this 30th day of November, 2022.

**CROSS LAW FIRM, P.L.C.**

/s/ *James Cross (#9063)*
James E. Cross
Chapter 7 Trustee

Original filed and Copies of the foregoing served electronically via the Court's CM/ECF Notification System this 30th day of November, 2022, on all parties that have appeared in the case.

Additionally, COPIES sent via e-mail transmission this 30th day of November, 2022, to:

| | |
|---|---|
| Antwon Jones<br>15210 Sherman Way, #4<br>Van Nuys, CA 91405<br>Email: antwon242@yahoo.com<br>Creditor | Edward Bernatavicius<br>Office of the US Trustee<br>230 N. First Ave., Suite 204<br>Phoenix, AZ 85003<br>Email: edward.k.bernatavicius@usdoj.gov |

Alan Meda, Esq.
Burch & Cracchiolo, P.A.
1850 N. Central Ave., Ste. 1700
Phoenix, AZ 85004
Email: ameda@bcattorneys.com
Counsel for Debtor

/s/ *Kara L. Stewart*

-4-