DAVID A. HUBBERT
Deputy Assistant Attorney General

ALEXANDER E. STEVKO (CA Bar No. 301359)
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683
Washington, D.C. 20044
202-616-2380 (v)
202-307-0054 (f)
Alexander.Stevko@usdoj.gov
*Counsel for the United States of America*

IN THE UNITED STATES BANKRUPTCY COURT FOR THE
DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>PAUL OLIVA PARADIS.<br><br>Debtor. | Chapter 7<br><br>Case No. 2:20-bk-06724-PS<br><br>UNITED STATES OF AMERICA'S RESPONSE TO CHAPTER 7 TRUSTEE'S OBJECTION TO CLAIM NO. 1 |

The United States opposes the Trustee's Objection to Claim of the IRS. The Court should dismiss the objection because it was not properly served, and therefore the Court lacks jurisdiction over the United States.

**I.     The Trustee Did Not Properly Serve the United States**

The proof of service included with the Objection to Claim (ECF No. 465 p. 5) states that the Trustee served the objection on an IRS insolvency specialist. Fed. R. Bank. P. ("Rule") 9014 states that contested matters, such as objections to claim, shall be initiated by serving a motion pursuant to Rule 7004. Rule 7004(b)(4) requires service on

the United States be made by mailing a copy of the motion to (1) the civil process clerk for the U.S. Attorney's Office for the district in which the action is brought, (2) the Attorney General of the United States, and (3) the agency, if the motion relates to an agency's action.

Here, the Trustee has not properly served the United States Attorney for the District of Arizona, or the U.S. Attorney General. Even if the Court deems a possible ecf email being sent to someone at the U.S. Attorney's Office proper compliance with Rule 7004, it is clear that the Trustee did not properly serve the Attorney General. The proof of service makes clear that the Trustee served the Attorney General for the District of Columbia and not the Attorney General for the United States. The listed address of 400 6th St NW, Washington, D.C. is associated with the district's government, and it has no affiliation with the federal government. This means that the Trustee never served the U.S. Attorney General and by extension the United States. The Court therefore lacks jurisdiction over the United States. *In re Hernandez*, 173 B.R. 430, 431–32 (N.D. Ala. 1994).

Because the Court lacks jurisdiction over the United States, it should dismiss the objection to claim and deny the Trustee's requested relief.

**II.    In the Alternative, the Court Should Deem This Response Timely and Overrule the Objection or Schedule Discovery**

In the alternative, if the Court does not dismiss the objection for improper service, it should consider this response and deny the objection on the merits. Because of improper service, this response is not untimely; the United States is filing this response as

quickly as possible after learning about the objection. The Trustee's assertion that "the IRS has had plenty of time to conduct its examination of the 2018 tax return" ignores the fact that the IRS *has* completed its examination and issued a statutory notice of deficiency for the amount listed as "estimated" on the proof of claim. The IRS just hasn't been able to assess the additional tax or litigate it in Tax Court because of the automatic stay.

The objection should be denied on the merits because it fails to show that the IRS's claim should be disallowed. As the objection acknowledges, a proof of claim executed and filed in accordance with the bankruptcy rules, as the IRS claim was here, constitutes "prima facie evidence of the validity and amount of the claim." Fed. R. Bankr. P. 3001(f). But, contrary to the Trustee's suggestion regarding the burden of proof, there is not an automatic burden shifting to the claimant on a mere pro forma objection. Rather, the Ninth Circuit has emphasized that even after objection, a proof of claim provides "some evidence as to its validity and amount" and prevails over a "mere formal objection without more." *Lundell v. Anchor Const. Specialists, Inc*., 223 F.3d 1035, 1039 (9th Cir. 2000) (citing *In re Holm*, 931 F.2d 620, 623 (9th Cir.1991)). Thus, the burden is on the Trustee, in the first instance, to come forward with evidence and facts "tending to defeat the claim by probative force equal to that of the allegations in the proofs of claim themselves." *Id.*

The Trustee has not done that here. The objection includes no evidence at all, relying solely on an alleged conversation with an unnamed CPA and the Trustee's "belief" that the correct amount owed the IRS should be lower. ECF No. 465 at 3. The

Trustee provides no substantive explanation, facts, or evidence supporting this "belief." Thus, the objection is the type of "mere formal objection" the Ninth Circuit has found to be insufficient to overcome the prima facie validity of a duly filed proof of claim. The Court should thus consider this response to be timely and overrule the objection on its merits.

But if the Court is not inclined to overrule the objection at this juncture, it should at least set a hearing to schedule discovery. The United States believes that its proof of claim is correct because the statutory notice of deficiency is correct. The notice of deficiency issued to debtor was based on disallowed business deductions from debtor's 2018 return. To the extent the Trustee wants to challenge this determination, discovery related to the actual substance of the Trustee's challenges and the debtor's claimed business deductions will be necessary, so the Court should set a discovery schedule or set a hearing to discuss such a schedule.

Respectfully submitted this 11th day of August, 2023.

DAVID A. HUBBERT
Deputy Assistant Attorney General

*s/ Alexander Stevko*_____
ALEXANDER STEVKO
Trial Attorney, Tax Division
U.S. Department of Justice

CERTIFICATE OF SERVICE

      I hereby certify that on August 11, 2023, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all parties that have appeared in this case.

                                            *s/ Alexander Stevko*
                                            ALEXANDER STEVKO
                                            Trial Attorney, Tax Division
                                            U.S. Department of Justice